UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____ CIV
STATE CASE NO.: CACE-21-000975

ROSE DOMITROVITS,
    Plaintiff,
vs.

TARGET CORPORATION,
    Defendant.
_____/

# DEFENDANT TARGET CORPORATION'S
# NOTICE OF REMOVAL

Defendant, TARGET CORPORATION, by and through its undersigned counsel, and pursuant to 28 U.S.C. § 1441 and§ 1446, hereby gives notice of the removal to this Court of the case styled, *ROSE DOMITROVITS v. TARGET CORPORATION*, filed in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No.: 21-000975. As grounds for this removal, the Defendant states the following:

1. TARGET CORPORATION is a Defendant in a civil action brought against it in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, styled *ROSE DOMITROVITS v. TARGET CORPORATION*, Case No.: 21-000975. *See* Pl.'s Compl. attached as Defendant's Exhibit "A."

2. In the Complaint, the Plaintiff, DOMITROVITS, a sixty-eight year-old female on the date in question, alleges that on or about August 17, 2019, she was a customer at the TARGET store located at 1280 West Sunrise Boulevard in Sunrise, Florida when she fell in TARGET's cafe area due to there being a chair in the walkway aisle which was in close proximity to the beverage dispenser. *Id.* Plaintiff has brought a cause of action for negligence against TARGET as a result of such incident. *Id.*

3. The aforementioned action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. §1332 and is one which may be removed to this Court by the Defendant herein, pursuant to 28 U.S.C. §§ 1441 and 1446. *See Darden v. Ford Consumer Fin. Co., Inc.*, 200 F. 3d 753,755 (11th Cir. 2000) (Removal jurisdiction exists only where the district court would have had original jurisdiction over the action).

4. The Plaintiff's claim could have been filed in federal court originally, in that (a) it is an action between citizens of different states; and (b) it is a civil action in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

## Complete Diversity Exists

5. Diversity exists between the parties as:

   a. **The Plaintiff is not a Minnesota citizen**: The Plaintiff's Complaint is silent as to her State of citizenship and only indicates that she is a resident of Lee County, Florida. *See* Exhibit A. *See Taylor v. Appleton,* 30 F. 3d 1365,1367 (11th Cir. 1994) (Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person); *see also* 13B Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3602 (1984 & Supp. 2008). *Velazquez v. Advance Stores Co., Inc.,* No. 13-60740-CIV, 2013 WL 2005697, at *1 n.1 (S.D. Fla. May 15, 2013) (residency is not the equivalent of citizenship for diversity purposes).

   Accordingly, Counsel for the Defendant did a background investigation on the Plaintiff to determine her citizenship. The results of this investigation, which were received on March 5, 2021 reflect the Plaintiff's current address and all of her prior

      addresses for more than twenty years and yielded no addresses within the State of Minnesota. *See* Aff. of Thomas W. Paradise, Esquire attached as Defendant's Exhibit "B."

    b. **Defendant Target Corporation is a citizen of the State of Minnesota**: TARGET CORPORATION is a foreign, for profit corporation registered in the State of Minnesota with its headquarters located in Minneapolis, Minnesota. *Id.*

### The Amount in Controversy Exceeds $75,000.00

6. The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorney's fees.

7. In her Complaint, the Plaintiff alleges damages in excess of $30,000.00 and further asserts that the matter in controversy exceeds the diversity jurisdiction threshold of $75,000.00, but with no dollar value affixed to any of the items of damages being claimed. *See* Exhibit "A."

8. If it is not apparent from the face of the Complaint that the jurisdictional amount is met, the Court can consider "other papers" received by the defendant to determine if the case is removable. *See* 28 U.S.C.A. § 1446(b); *Bermudez v. Wal-mart Stores Texas, LLC. aka Walmart Supercenter #470*, No. C–10–127, 2010 WL 2486868 at 3 (S.D.Tex. 2010); *Foster v. The Home Depot Inc.*, No. Civ.A. 05-CV-1999, 2006 WL 470596 at 2 (E.D.Pa. 2006); *Stramel v. GE Capital Small Bus. Fin. Corp.*, 955 F. Supp. 65, 68 (E.D.Tex. 1997).

9. Courts have held that responses to requests for admissions, settlement offers, and other correspondence between parties can be 'other paper' under 28 U.S.C. § 1446(b). *Wilson v. Target Corp.*, 2010 WL 3632794 (S.D.Fla. 2010), *citing Lowery v. Ala. Power Co.*, 483 F. 3d 1184, 121 n. 62 (11th Cir. 2007) (discussion of the judicial development of the term "other paper"); *Addo v. Globe Life & Accident Ins. Co.,* 230F. 2d 779, 780 (11th Cir. 1989) (response to request for

admissions).

10. Medical bills also constitute "other papers." *See Bermudez*, 2010 WL 2486868 at 3.

11. In this case, the Plaintiff is alleging that as a result of the subject incident she sustained multiple injuries to her face and teeth which includes severe facial bruising and swelling as well as four broken/damaged teeth. *See* Exhibit "B." As a result of the injuries to her teeth, the Plaintiff had multiple dental procedures to extract the affected teeth and replace same with endosteal implants. *Id.* Additionally, as a result of the TARGET incident the Plaintiff sustained injuries to her right shoulder which includes a massive full thickness rotator cuff tear involving the subscapularis, supraspinatus and infraspinatus tendons with retraction to the tendinous junctions medial to the acromioclavicular joint, as well as a medially dislocated biceps tendon with a partial thickness tear for which the Plaintiff subsequently underwent surgery in September 2019. *Id.*

12. Prior to the commencement of litigation Plaintiff's counsel provided the Defendant with some of the Plaintiff's past medical bills. Such medical bills, although incomplete, amount to approximately $37,358.73. *Id.*

13. Additionally, Plaintiff's past medical bills do not account for any monetary compensation related to probable pain and suffering in the past and future and future medical care that could potentially be awarded to the Plaintiff by a jury especially in light of the Plaintiff's age, the severity of her purported injuries and subsequent medical treatment and surgical procedures.

14. The undersigned counsel for TARGET has had an opportunity to review the aforementioned medical records and bills, and attests to the fact that if awarded, the value of the Plaintiff's claimed injuries would exceed the jurisdictional requirements of this Court. *Id.; see also Black v. State Farm Mutual Automobile Ins. Co.*, No. 10–80996–CIV, 2010 WL 4340281 at *1 (S.D. Fla. Oct. 22,2010) *citing Pretka v. Kolter City Plaza II, Inc.*, 608 F. 3d 744, 755 (11th

Cir. 2010) ("A defendant may introduce its own affidavits, declarations, or other documentation to meet its burden" of establishing jurisdiction).

15.     Moreover, prior to the filing of this lawsuit, TARGET received a demand letter from Plaintiff's counsel dated July 16, 2020, demanding an amount of seven figures to settle this matter. *See* Exhibit "B."

16.     In order to establish that the amount in controversy exceeds the jurisdictional requirements of the Court, a defendant can also meet its "jurisdictional burden of establishing the amount in controversy based on information received from the Plaintiffs in the pre-suit demand package [that] ... reflects an honest assessment of damages by Plaintiffs because it is based on medical records provided by the Plaintiff." *Katz v. J.C. Penney Corp., Inc.,* No. 09-CV-60067, 2009 WL 1532129, *5 (S.D. Fla. June 1, 2009). In *Katz*, the defendant removed the case to Federal Court based on its "valuation of the jurisdictional amount through examining the medical records provided by the Plaintiff in her [pre-suit] demand package." *Id.* at *3.

17.     "The Court gives preference to Plaintiff's own assessment of the value of her case." *Black v. State Farm Mut. Auto. Ins. Co.*, No.: 10-80996-CIV, 2010 WL 4340281, *2 (S.D. Fla. Oct 22, 2010).  Although pre-suit settlement offers standing alone may not be determinative of the amount in controversy in any given case, if it is not apparent from the face of the Complaint that the jurisdictional amount is met, the Court can consider "other papers" received by the defendant to determine if the case is removable.  *See Wilson v. Target Corporation*, No. 10-80451-CIV, 2010 WL 3632794 (S.D. Fla. Sept. 14, 2010); *Jade East Towers Developers v. Nationwide Mutual Ins. Co.*, 936 F. Supp. 890 (N.D. Fla. 1996).

18.     Moreover, the undersigned has performed a verdict search for cases where plaintiffs have claimed similar injuries and undergone the same or similar surgical procedures as that claimed by

the Plaintiff, ROSE DOMITROVITS, and has found cases which have resulted in verdicts in excess of $75,000.00.  *See* Exhibit "B".

19.     Based on: the severity of the injuries Plaintiff suffered to her facial region, teeth and upper extremity; her ensuing oral and right shoulder surgeries allegedly as a result of the subject incident; the results of the undersigned's verdict search for cases where plaintiffs have claimed similar injuries and undergone the same or similar surgical procedures; some of the past medical bills Target has received that amounts to approximately $37,358.73; Plaintiff's pre-suit demand which by far exceeds the $75,000.00 jurisdictional threshold of this Court; and the monetary compensation related to pain and suffering that could be awarded to the Plaintiff by a jury when considering the Plaintiff's age and the extent of her injuries and resulting medical treatment and surgical procedures, the Defendant has provided the necessary "other paper" which allows Target and the Court to ascertain that the amount in controversy exceeds the $75,000 jurisdictional value.

### Removal is Timely pursuant to 28 U.S.C. § 1446(b)

20.     28 U.S.C. § 1446(b) states in pertinent part that: "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

21.     Although a defendant may utilize information from a demand letter to support removal, it does not trigger the running of the thirty-day period under Section 1446(b). *Jade E. Towers Developers v. Nationwide Mut. Ins. Co.*, 936 F. Supp. 890 (N.D. Fla. 1996). The thirty-day time period in which a defendant must remove a case starts to run from defendant's receipt of initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of minimum jurisdictional amount of federal courts. *Lambertson v. Go Fit,*

*LLC*, 918 F. Supp. 2d 1283 (S.D. Fla. 2013), *citing Chapman v. Powermatic, Inc.*, 969 F. 2d 160 (5th Cir. 1992). This rule promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know. *Chapman* at 163. The policies regarding removal counsel against adopting a rule that would impute knowledge of pre-suit documents to defendants; congress has made clear its intent that defendants must be circumspect in deciding whether to remove a case. *Lambertson* at 1286, *citing Village Square Condo. of Orlando, Inc. v. Nationwide Mut. Fire Ins. Co.*, 2009 WL 4855700 (M.D. Fla. 2009) (citing 28 U.S.C. § 1447 (c)). "As other courts have recognized, if pre-suit documents were allowed to trigger the thirty-day limitation in 28 U.S.C. 1446(b), defendants would be forced to guess as to an action's removability, thus encouraging premature, and often unwarranted, removal requests." *Lambertson* at 1286, *citing Village Square Condo. of Orlando, Inc.*, 2009 WL 4855700 at *4.

22. The Plaintiff's Complaint was served upon the Defendant TARGET CORPORATION on February 9, 2021. The Complaint is silent as to the Plaintiff's citizenship. *See* Exhibit "A". TARGET thereafter attempted to investigate Plaintiff's citizenship independently by means of a background investigation. On March 5, 2021 TARGET received the results of this background investigation, which showed that none of Plaintiff's addresses for more than twenty years have been within the state of Minnesota. *See* Exhibit "B". As such, March 5, 2021 is when TARGET was put on notice that diversity jurisdiction exists in this matter.

23. Therefore, this Notice of Removal is timely filed and without waiver by TARGET, pursuant to 28 U.S.C. § 1446(b).

## Procedural Matters

24. Venue in this Court is proper pursuant to 28 U.S.C. § 1441 (a) and Local Rule 3.1 because this action is being removed from state court in which it was originally filed, the Circuit Court of

the Seventeenth Judicial Circuit in and for Broward County, Florida.

25. Target will give written notice of the filing of this notice as required by 28 U.S.C. § 1446(d). A copy of this notice will be filed with the Clerk of the Court for the Seventeenth Judicial Circuit, in and for Broward County, Florida, as required by 28 U.S.C. § 1446(d).

26. Copies of pleadings and filings made in the Circuit Court Case No.: 21-000975 are attached hereto and made a part hereof as Composite Exhibit "C."

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on March _11, 2021 to:

John P. Fischer, Esquire

**Pischer Reida Vid, PLLC**
4106 Sheridan Street, Suite 320
Hollywood, Florida 33021
Telephone: (954) 860-8584
Facsimile: (954) 860-8434
service@FRTrialLawyers.com
*Attorneys for the Plaintiff, Rose Domitrovits*

          **VERNIS & BOWLING OF BROWARD, P.A.**
          5821 Hollywood Blvd.
          Hollywood, FL  33021
          Ph: (954) 927-5330
          Fax: (954) 927-5320
          *Attorneys for Defendant, Target Corporation*

By:   */s/ Megan Pariti*
       Megan Pariti, Esquire
       Florida Bar No.: 1002533
       MPariti@Florida-Law.com
       SGalvan@Florida-Law.com

       Thomas. W. Paradise, Esquire
       Florida Bar No.: 907235
       TParadise@Florida-Law.com
       Agarwood@Florida-Law.com