| | |
|---|---|
| ROSE DOMITROVITS, an individual, | IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA |
| Plaintiff, | |
| v. | GENERAL JURISDICTION DIVISION |
| TARGET CORPORATION, | CASE NO. |
| Defendant. _____ / | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, ROSE DOMITROVITS, by and through undersigned counsel, pursuant to the applicable Florida Rules of Civil Procedure, and hereby sues Defendant, TARGET CORPORATION, and alleges as follows:

### JURISDICTIONAL ALLEGATIONS

1. This is an action for damages in excess of Thirty Thousand Dollars ($30,000.00).

2. At all times material, Plaintiff, ROSE DOMITROVITS (hereinafter "DOMITROVITS" or "Plaintiff") was and is a resident of Lee County, Florida and is *sui juris*.

3. At all times material, Defendant, TARGET CORPORATION (hereinafter "TARGET" or "Defendant") is a Minnesota Corporation, registered and doing business within the State of Florida, with its principal place of business of 1000 Nicollet Mall, Minneapolis, MN 55403.

4. At all times material, Defendant, TARGET owned and/or operated and/or was responsible for the overseeing of the commercial property located at 12801 W. Sunrise Blvd, Sunrise, FL 33323.

5. That the tortuous incident, which forms the basis for this Complaint, occurred on or about August 17, 2019, on the premises of Defendant, TARGET, located at 12801 W. Sunrise Blvd, Sunrise, FL 33323.

### FACTS

6. On or August 17, 2019, Plaintiff, ROSE DOMITROVITS, was a business invitee of Defendant, TARGET, located at 12801 W. Sunrise Blvd, Sunrise, FL 33323.

7. On or about August 17, 2019, Defendant, TARGET allowed a dangerous condition to exist on the property, allowed a dangerous condition to exist on the property for an unreasonable amount of time and failed to give patrons notice or warning of the existence of a chair in the walkway aisle located in close proximity to the beverage dispenser on the aforementioned premises which caused Plaintiff, DOMITROVITS to fall as she attempted to traverse the premises, which resulted in Plaintiff sustaining, *inter alia*, a torn rotator cuff in her shoulder requiring surgical intervention.

8. The design and layout of the seating area in close to the walkway aisle next to the beverage dispenser created the opportunity for the chair to be in the walkway aisle, which was the cause of Plaintiff, DOMITROVITS, fall.

9. As direct result, Plaintiff suffered severe injuries in the past that will continue in the future.

## COUNT I—NEGLIGENCE (PREMISES LIABILITY)

Plaintiff re-adopts and re-alleges paragraphs one (1) through nine (9) as if fully set forth herein, and further alleges as follows:

10. On or about August 17, 2019, Plaintiff DOMITROVITS was a business invitee on the premises of Defendant, TARGET.

11. That it was the duty of the Defendant to use ordinary care and diligence in the maintenance, care and upkeep of the property to ensure said property was free from all hazards and dangerous conditions which would render it dangerous and unsafe for patrons, including Plaintiff, to walk on the premises, or present an unreasonable risk of harm in the lawful use of the

premises.

12. That it was the duty of the Defendant to exercise reasonable care to protect patrons, including Plaintiff, by inspection and other affirmative acts, from the danger of reasonably foreseeable injury occurring from reasonably foreseeable uses of a common area, such as a chair being in the walkway aisle, that Defendant knew would be used by its invitees.

13. That it was the duty of the aforesaid Defendant to use reasonable care in the maintenance, care and upkeep of the aforesaid area, in a manner consistent with and in conformity with recognized standards of safety.

14. That it was the duty of the aforesaid Defendant to use reasonable care in the design and layout of the aforesaid area, in a manner consistent with and in conformity with recognized standards of safety.

15. That it was the duty of the Defendant to warn its patrons, including Plaintiff, about the existence of a dangerous and unsafe condition, such as a chair in a walkway aisle, on the premises.

16. Defendant, TARGET, breached those duties by failing to adequately give notice or warn its patrons of the existence of a dangerous condition caused by the existence of a chair in the walkway aisle in proximity to the beverage dispenser located on the premises.

17. Defendant, TARGET, breached those duties by failing to inspect the premises for dangerous conditions such as the existence of a chair in the walkway aisle in proximity to the beverage dispenser, when it knew, or in the exercise of reasonable care, should have known, that the chair in the walkway aisle would greatly increase the risk that patrons, including Plaintiff, DOMITROVITS, would fall on the premises.

18. Defendant, TARGET, breached those duties by allowing the layout of the seating area in proximity to the beverage dispense on Defendant, TARGET's, premises to be defective

and/or unsafe in one or more of the following ways:

    a. The design and layout of the seating area violated the standards of reasonable care; and/or,

    b. The design and layout of the seating area created the opportunity for chairs to be pushed or remain in the walkway aisle next to the beverage dispenser, creating a tripping hazard; and/or

    c. There are no warnings as to the potential for chairs to be in the walkway aisle next to the beverage dispenser.

19. Defendant, TARGET, negligently failed to warn Plaintiff, ROSE DOMITROVITS, of the dangerous condition on the premises when it knew, or in the exercise of reasonable care, should have known that it existed.

20. As a direct and proximate result of the aforementioned breaches by Defendant, TARGET, as stated, Plaintiff, DOMITROVITS, fell and sustained serious and permanent injuries.

21. As a direct result of Defendant's aforementioned breaches, Plaintiff suffered losses, including bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, aggravation or acceleration of preexisting injury, loss of earnings and loss of ability to earn money. These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, ROSE DOMITROVITS, demands judgment against Defendant, TARGET CORPORATION, for damages, costs of this action, and other further equitable and legal relief as this Court may deem appropriate, along with a trial by jury on all issues so triable.

DATED this 14th day of January, 2021.

                FISCHER REDAVID, PLLC
                *Attorneys for Plaintiff*
                4106 Sheridan Street, Suite 320
                Hollywood, Florida 33021
                Telephone: (954) 860-8584
                Facsimile: (954) 860-8434

By:  */s/ John P. Fischer, Esq.*
      JOHN P. FISCHER, ESQ.
      Florida Bar No. 99751
      service@FRTrialLawyers.com